**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CIARA WILLIAMS,**

      **Plaintiff,**                    **CASE NO.: 6:26-cv-00214-CEM-NWH**

**vs.**

**WAYFAIR, LLC,**

      **Defendant.**

_____/

**DEFENDANT'S MOTION TO DISMISS**
**IMPLAUSIBLE CLAIMS AND TO COMPEL ARBITRATION**
**AND STAY JUDICIAL PROCEEDINGS OF THE ARBITRABLE CLAIMS**

Pursuant to the Rule 12(b)(1), 12(b)(6), and the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), Defendant, Wayfair, LLC ("Wayfair" or "Defendant"), respectfully requests the Court enter an order dismissing Counts I (Hostile Work Environment) and II (Race Discrimination) of Plaintiff's First Amended Complaint and compelling Plaintiff to arbitrate the remaining claims in this matter pursuant to the mandatory arbitration agreement to which she is subject and to further stay all proceedings pending resolution of the parties' arbitration.

## FACTUAL BACKGROUND

1. Plaintiff, Ciara Williams ("Plaintiff"), is a former employee of Wayfair [Doc. No. 8, ¶¶ 10–11].

2. On September 30, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Wayfair alleging

a retaliation claim. *See* Charge of Discrimination, attached as **Exhibit A**. Plaintiff alleged that her co-worker, Stella Stephens, yelled at Plaintiff daily, interfered with her job performance and argued with management about Plaintiff's performance. *See* **Ex. A**. Plaintiff further asserted that Defendant was aware of Ms. Stephens's behavior and failed to address Plaintiff's concerns, resulting in Plaintiff's termination. *See* **Ex. A**.

### I.   The Mutual Arbitration Agreement

3.      During an employees' first two weeks with Wayfair, they are required to log into Workday, a web-based computer application used by Wayfair and its employees, in order to access the onboarding module entitled "Wayfair Employee Document Acknowledgment." (Chikkala Dec., ¶¶ 3–4). The module displays links to various employment-related documents, each of which has its own separate acknowledgement. (Chikkala Dec., ¶ 4). Among those documents is the Mutual Arbitration Agreement ("Arbitration Agreement"). (Chikkala Dec., ¶ 4). A copy of the Arbitration Agreement is attached hereto as **Exhibit B**.

4.      The Arbitration Agreement provides, in pertinent part, as follows:

As consideration for my employment or continued employment with Wayfair LLC and for the mutual promises herein, I and the Company (as defined below) (each a "Party" and collectively, the "Parties") agree that:

**Except as expressly set forth in the section, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that I may have against Wayfair LLC ("Wayfair") and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my employment with the Company, and/or the terms**

2

**and conditions of my employment with the Company, and/or termination of my employment with the Company ("Covered Claims"), are subject to individual arbitration pursuant to the terms of this Mutual Arbitration Agreement ("Agreement") and will be resolved by arbitration and NOT by a court or jury. The Parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.**

**Ex. B**; Ex. A to Chikkala Dec., Arbitration Agreement, p. 1.

5.      Pursuant to the Arbitration Agreement, "Claims Not Covered by This Agreement" are:

- Claims involving allegations of a nonconsensual sexual act or sexual contact as defined under applicable federal or state law, or conduct that is alleged to constitute sexual harassment under applicable federal or state law, which, in each case, may only be subject to arbitration at my option, to the extent applicable law renders this pre-dispute Agreement covering such Claims invalid or unenforceable;

- Workers' compensation benefits, state disability insurance, unemployment compensation benefits, claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and claims which are subject to the exclusive jurisdiction of the NLRB; and

- Any claim that is expressly precluded from arbitration by a governing federal law or by a state law that is not preempted by the Federal Arbitration Act ("FAA") or other federal law.

**Ex. B**; Ex. A to Chikkala Dec., Arbitration Agreement, pp. 2–3.

## II.  Electronic Acknowledgment of the Mutual Arbitration Agreement

6.      The Wayfair Employee Document Acknowledgment module relating to the Mutual Arbitration Agreement displays four items:

1. The section labeled "Document" provides a hyperlink to access the Mutual Arbitration Agreement. The text of the hyperlink is "Mutual Arbitration Agreement" and appears in blue. Immediately preceding the hyperlink is an orange icon in the shape of a document that states "PDF." Clicking on the hyperlink would lead all new hires to the Mutual Arbitration Agreement.

2. The section labeled "Instructions" instructs new hires to "Please review the Mutual Arbitration Agreement. Once complete, check the 'I Agree' box below and acknowledge that you have read, and understand the attached document."

3

3. The Signature Statement" to the Mutual Arbitration Agreement says:

I ACKNOWLEDGE THAT:

- I have carefully read this Agreement, understand the terms of this Agreement, and am entering into this Agreement knowingly and voluntarily;
- I am not relying on any promises or representations by the Company except those contained in this Agreement;
- I am knowingly and voluntarily giving up the right to have Covered Claims decided by a court or jury;
- I have been given the opportunity to discuss this Agreement with my own attorney if I wish to do so; and
- My affirmative signature and/or acknowledgement of this Agreement is not required for the Agreement to be enforced. If I begin working for Wayfair LLC without signing this Agreement, this Agreement will be effective, and I will be deemed to have consented to, ratified and accepted this Agreement through my acceptance of and continued employment with Wayfair LLC.

(Chikkala Dec. ¶ 6); Ex. B to Chikkala Dec.[1]

7.     When an employee clicks the box next to the words "I Agree," Wayfair's Workday system automatically records the date and time that the employee clicked the box, the name of the document for which they clicked the box, and the language of the "Signature Statement" that appeared above the box. (Chikkala Dec. ¶ 7).

8.     On May 15, 2024, Plaintiff electronically signed the Arbitration Agreement in accordance with the foregoing process. *See* Plaintiff's Electronic Acknowledgment of Arbitration Agreement, attached as **Exhibit C**; (Chikkala Dec. ¶

---

[1] The Florida Legislature's enactment of the "Electronic Signature Act of 1996," specifically provides that "[u]nless otherwise prohibited by law, an electronic signature may be used to sign a writing and shall have the same force and effect as a written signature." Fla. Stat. § 668.004; *see also* Fla. Stat. § 668.003(4) ("'Electronic signature' means any letters, characters or symbols manifested by electronic or similar means, executed or adopted by a party with an intent to authenticate a writing. A writing is electronically signed if an electronic signature is logically associated with such writing."); *Brewfab, LLC v. 3 Delta, Inc.*, 580 F. Supp. 3d 1201, 1209 (M.D. Fla. 2022) (recognizing Florida's Electronic Signature Act).

9); Ex. C to Chikkala Dec.

9.  By signing the Arbitration Agreement, Plaintiff clearly and unambiguously agreed to comply with its terms, including the requirement to submit any claims or disputes arising out of, or directly or indirectly related to, Plaintiff's employment with Wayfair, including claims or disputes related to the terms and conditions of Plaintiff's employment and the termination of Plaintiff's employment with Wayfair, to arbitration.

### III.  Plaintiff Files Lawsuit Alleging Hostile Work Environment, Race Discrimination, and Retaliation

10.  On January 27, 2026, Plaintiff initiated this action by filing a Complaint and Demand for Jury Trial against Wayfair, asserting five causes of action arising out of her employment with Wayfair. [Doc. No. 1].

11.  On May 26, 2026, Plaintiff filed a First Amended Complaint and Demand for Jury Trial (hereinafter referred to as "Complaint") against Wayfair, asserting three causes of action arising out of her employment with Wayfair, including hostile work environment, race discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). [Doc. No. 8].

12.  Count I of Plaintiff's Complaint (Hostile Work Environment) impermissibly commingles racial discrimination and sexual harassment claims and thus, does not state a plausible sexual harassment claim. [Doc. No. 8, ¶¶ 74–75].

5

13.    Count I includes claims that are outside the scope of Plaintiff's Charge. (**Ex. A**).

## IV. Plaintiff Refuses to Submit Claims to Arbitration

14.    The Arbitration Agreement covers claims arising under federal law such as harassment, discrimination and retaliation.

15.    Defendant, through undersigned counsel, has conferred with Plaintiff regarding arbitration. Plaintiff objects to compelling this matter to arbitration and to staying proceedings.

16.    Counts I and II fall outside the scope of Plaintiff's Charge and should be dismissed pursuant to Rule 12(b)(6) and for the failure to exhaust administrative remedies. Since Plaintiff's remaining claims are governed by the Arbitration Agreement, Wayfair seeks an order pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, compelling Plaintiff to arbitrate her exhausted claims against Wayfair and to stay this lawsuit pending resolution of the parties' arbitration.

## MEMORANDUM OF LAW

**A.    The Federal Arbitration Act and Case Law Require Arbitration of Plaintiff's Claims**

The FAA provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U. S. C. § 2); *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014).

By its terms, the FAA leaves no place for the exercise of discretion by a district court but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *Byrd*, 470 U.S. at 218 (citing 9 U.S.C. §§ 3, 4). Thus, agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement. *Id.*

Specifically, the FAA provides in relevant part:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Section 4 of the FAA entitles a party to an arbitration agreement to seek an order compelling arbitration if it is demonstrated that the opposing party failed, neglected or refused to arbitrate. *See* 9 U.S.C. § 4. Specifically, section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement ….

9 U.S.C. § 4. *Merrill Lynch v. King*, 812 F. Supp. 1217, 1218 (M.D. Fla.), *aff'd*, 3 F.3d 443 (11th Cir. 1993) (noting that a refusal to arbitrate gives rise to a cause of action for an order compelling arbitration under 9 U.S.C. § 4). Section 4 of the FAA likewise requires the court, upon application of any party to "make an order directing the

parties to proceed to arbitration in accordance with the terms of the agreement" to arbitrate.

Courts faced with a motion to compel arbitration consider three factors: "(1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Ministerio Intl El Rey Jesus, Inc. v. Lloyd's*, Case No.6:20-CV-1802-ORL-40DCI, 2020 WL 9172658, at *2 (M.D. Fla. Oct. 26, 2020).

Courts must resolve any "doubts concerning the scope of arbitrable issues ... in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

**B.      Plaintiff Electronically Executed a Valid Agreement to Arbitrate Via the Wayfair Employee Document Acknowledgment**

Plaintiff executed a valid agreement to arbitrate via the Wayfair Employee Document Acknowledgment module in Workday. (Chikkala Dec., ¶ 9); **Ex. C**. Plaintiff electronically acknowledged the Arbitration Agreement on May 15, 2025. (Chikkala Dec., ¶ 9); **Ex. C**. Plaintiff's acknowledgement constitutes a valid signature and demonstrates that Plaintiff received, reviewed, and consented to be bound by the terms of the Arbitration Agreement.

Even assuming arguendo that Plaintiff claims she did not electronically sign the Arbitration Agreement (which she clearly did), in deciding whether the parties agreed to arbitration, courts apply state law governing the formation of contracts while

8

at the same time, taking into consideration the federal policy favoring arbitration. *Corbin v. Affiliated Computer Servs.*, No. 6:13-cv-180-Orl-36TBS, 2013 WL 3804862, *3 (M.D. Fla. July 19, 2013). Florida law governs whether a valid arbitration agreement exists. *See PNC Bank v. Maranatha Props. Inc.*, 5:15-cv-563-Oc-30RPRL, 2016 WL 279542, at *2 (M.D. Fla. Jan. 22, 2016) ("To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove offer, acceptance, consideration, and sufficient specification of essential terms . . . by a preponderance of the evidence.").

Under Florida law, "'[a] contract may be binding on a party despite the absence of a party's signature.'" *T.T. Int'l Co., Ltd. v. BMP Int'l, Inc.*, Case No. :19-cv-2044-CEH-AEP, 2023 WL 1514347, at *13 (M.D. Fla. Feb. 3, 2023) (citing *Gateway Cable T.V., Inc. v. Vikoa Constr. Corp.*, 253 So.2d 461, 463 (Fla. 1st DCA 1971). "The lack of a signature is not fatal to the enforceability of the arbitration agreement at issue. Because the object of a signature is to show mutuality or assent, a contract may be binding on a party notwithstanding the absence of a signature if the parties assented to the contract in another manner." *Sundial Partners, Inc. v. Atlantic Street Capital Mgmt LLC*, Case No. 8:15-cv-861-T-23JSS, 2016 WL 943981, at *5 (M.D. Fla. Jan. 8, 2016), *report and recommendation adopted*, Case No. 8:15-CV-861-T-23JSS, 2016 WL 931135 (M.D. Fla. Mar. 11, 2016). "[W]hen an arbitration agreement is not signed, we look to a party's words and conduct to determine whether the party assented to the agreement." *Santos v. General Dynamics Aviation Servs. Corp.*, 984 So.2d 658, 661 (Fla.

4th DCA 2008) (finding that plaintiff's continued employment after receipt of the dispute resolution policy sufficiently demonstrated his assent to the terms of the arbitration agreement, and that there was sufficient consideration because "the agreement created a mutual obligation to arbitrate").

Likewise, "while the FAA requires that the arbitration agreement be in writing, it does not require that it be signed by the parties." *Sundial Partners, Inc.*, 2016 WL 943981, at *5 (citing 9 U.S.C. § 2).

Here, Wayfair has offered indisputable documentation that establishes Plaintiff agreed to participate in arbitration through her acceptance of the Arbitration Agreement terms via her electronic acknowledgment on May 15, 2024. However, even without that electronic signature, Plaintiff implicitly agreed to the arbitration provision through her continued employment at Wayfair. *See Santos*, 984 So.2d at 661.

Plaintiff cannot demonstrate any evidence (other than conclusory and self-serving allegations) that she did not agree to the Arbitration Agreement, and therefore, the Court should enforce the contract and compel arbitration.

## C.    Plaintiff's Claims Are Covered by the Arbitration Provision

Plaintiff's claims are also within the scope of the agreement.  The Arbitration Agreement covers all disputes between the parties and cannot be denied application "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quotations omitted). Courts

construe arbitration provisions broadly in favor of compelling arbitration. *See, e.g., Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1267 (11th Cir. 2017) ("This language clearly and unmistakably evinces the parties' intent to arbitrate…and as we have said, '[a]ny disputes means all disputes, because "any" means all.'"); *Sahadew v. Celebration Cruise Operator, Inc.*, No. 12-20251-CIV, 2012 WL 13014698, at *2 (S.D. Fla. Feb. 10, 2012) (compelling arbitration where parties agreed to arbitrate any disputes arising out of an agreement). Plaintiff's Arbitration Agreement reads as follows:

> I . . . agree that:
>
> **Except as expressly set forth in the section, "Claims Not Covered by this Agreement," <u>all disputes, claims, complaints, or controversies</u> ("Claims") that I may have against Wayfair LLC ("Wayfair") and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, <u>including</u> contract claims; tort claims; <u>discrimination and/or harassment claims; retaliation claims</u>; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company ("Covered Claims"), <u>are subject to individual arbitration</u> pursuant to the terms of this Mutual Arbitration Agreement ("Agreement") <u>and will be resolved by arbitration and NOT by a court or jury</u>. <u>The Parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims</u>.**

**Ex. B**, p. 1 (emphasis added). Accordingly, Plaintiff's claims unequivocally fall within the scope of this provision.

In sum, there is a valid agreement to arbitrate, which requires the parties to arbitrate the claims at issue.

**D.**     **Plaintiff's Allegations of Sexual Harassment Do Not Prevent Arbitration of Plaintiff's Claims Because Plaintiff Has Not Stated a Plausible Sexual Harassment Claim**

In 2022, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. §§ 401–402 ("EFAA"), amended the FAA to invalidate mandatory pre-dispute arbitration agreements related to sexual harassment. 9 U.S.C. § 402. However, in order to invoke the protections of the EFAA, a plaintiff is "require[d] . . . to state a plausible claim of sexual harassment, i.e., one that contains 'enough facts to state a claim to relief that is plausible on its face.'" *Mitchell v. Raymond James and Assocs., Inc.*, Case No. 8:23-cv-2341-VMC-TGW, 2024 WL 4486565, at *7 (M.D. Fla. Aug. 23, 2024), *report and recommendation adopted,* Case No. 8:23-cv-2341-VMC-TGW, 2024 WL 4263151 (M.D. Fla. Sept. 23, 2024).

In *Mitchell*, the Middle District of Florida recognized the EFAA contains a plausibility requirement and emphasized plaintiffs cannot rely on deficient pleadings to avoid arbitration. *Mitchell*, Case No. 8:23-cv-2341-VMC-TGW, 2024 WL 4263151 at 3. Even non-sexual harassment claims, such as retaliation, "must still allege conduct constituting actionable sexual harassment under the law" to trigger the EFAA. *Id.* at 5 (granting motion to compel arbitration where plaintiff's allegations did not plausibly constitute sexual harassment or retaliation based on complaint of sexual harassment). Ultimately, in *Mitchell*, the Court determined the EFAA applies only when the plaintiff states a plausible claim of sexual harassment, "**which requires that the claim be**

**capable of surviving a Rule 12(b)(6) motion**." *Mitchell*, 2024 WL 4486565, at *6 (emphasis added).

### 1. Plaintiff's Hostile Work Environment Claim is Outside the Scope of Plaintiff's Charge of Discrimination

Prior to filing an action arising under Title VII, a plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC. *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004). It is well established that only those claims "related to, or gr[owing] out of, the allegations contained in [the] EEOC charge" may be later asserted in court. *Id.* at 1280 (finding charge that alleged claimant complained about alleged discrimination and was later fired could reasonably be extended to encompass a claim for retaliation because the facts were "inextricably intertwined"). "[A]llegations of new acts of discrimination are inappropriate." *Id.* at 1279–80.

Plaintiff's sexual harassment claim is implausible because it does not reasonably relate to or grow out of the allegations asserted in Plaintiff's Charge. Plaintiff's Charge is strictly limited to factual allegations concerning Plaintiff's co-worker, Ms. Stephens, and Ms. Stephens's purported harassing conduct toward Plaintiff, which Plaintiff identifies as frequent yelling and interference with Plaintiff's job performance. *See* **Ex. A**. Plaintiff further claims Defendant was aware of Ms. Stephens behavior and failed to address Plaintiff's concerns, resulting in Plaintiff's termination. *See* **Ex. A**.

Plaintiff's Charge is devoid of any facts to suggest Ms. Stephens sexually harassed Plaintiff and further, does not include any reference to Plaintiff's direct

supervisor, Andre Bates, the individual Plaintiff now alleges sexually harassed her. Thus, Plaintiff's sexual harassment claim does not reasonably extend from the allegations asserted in Plaintiff's Charge and is administratively barred. *See Gregory*, 355 F.3d at 1280. Accordingly, the sexual harassment claim raised for the first time in Plaintiff's Complaint does not constitute a plausible claim of sexual harassment and the EFAA is not applicable. *See Mitchell*, 2024 WL 4486565, at *6. Therefore, Plaintiff's sexual harassment claim should be dismissed.

> ### 2. Plaintiff's Hostile Work Environment Claim is an Impermissible Shotgun Pleading

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Rule 8(a)(2) requires Plaintiff to state "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Eleventh Circuit classifies complaints that violate Rule 8(a)(2) as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F. 3d 1313, 1320 (11th Cir. 2015).

One common type of shotgun pleading is one that "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1321; *see Finch v. Carnival Corp.*, 701 F.Supp.3d 1272, 1282 (S.D. Fla. Nov 6, 2023)

14

(dismissing cause of action as an impermissible shotgun pleading where it commingled negligent training, negligent hiring, and negligent retention claims).

Shotgun pleadings have been "roundly, repeatedly, and consistently" condemned by the Eleventh Circuit for years. *Parrott v. Humana Medical Plan, Inc.*, Case No. 3:26-cv-142-JEP-PDB, 2026 WL 1051897, at *1 (M.D. Fla. Feb. 13, 2026). Courts have advised defendants served with such pleadings to seek dismissal under Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e). *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014).

In Count I, Plaintiff impermissibly commingles a racial discrimination claim and a sexual harassment claim. In Paragraphs 74 and 75, Plaintiff alleges she suffered sexual harassment through coercive sexual requests from her direct supervisor. [Doc. No. 8, ¶¶ 74–75]. However, the remainder of Paragraph 75, as well as Paragraph 73 are dedicated to alleging a claim for racial discrimination. [Doc. No. 8, ¶¶ 73, 75].

Under Title VII, racial discrimination and sexual harassment claims are two distinct causes of action that require separate findings. In fact, Count II of the Complaint alleges a race discrimination claim in violation of Title VII. Plaintiff's failure to fully separate the two claims renders Count I an impermissible shotgun pleading, which is not capable of surviving a motion to dismiss. *See Weiland*, 792 F.3d at 1321; *Finch*, 701 F.Supp.3d at 1282. Thus, Plaintiff has not alleged a plausible claim for sexual harassment and the EFAA is not applicable.

15

**E.      Wayfair Has Not Waived Its Right to Arbitrate**

Wayfair has not waived its right to arbitrate Plaintiff's claims. In determining whether a party has waived its right to arbitrate, courts consider whether under the totality of the circumstances, the party seeking to compel arbitration has acted inconsistently with its right to arbitrate by, for example, actively participating in litigation. And, if a party has acted inconsistently, the court then considers whether the other party has been prejudiced. *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x. 921, 924 (11th Cir. 2010) (per curiam).

Wayfair has not taken any action inconsistent with its right to arbitrate this matter. Indeed, this action is in its early stages and the instant motion to compel arbitration is Wayfair's first substantive filing since being served with the Complaint. Plaintiff has not been prejudiced by Wayfair's actions, as undersigned counsel has reminded Plaintiff she is subject to binding arbitration. Accordingly, Wayfair has not waived its right to arbitration.

**F.      All Proceedings in this Case Should Be Stayed Pending Arbitration**

The Court should compel arbitration and this action should be stayed pending arbitration pursuant to 9 U.S.C. § 3 and Section 682.03, Florida Statutes.  Indeed, the Supreme Court unanimously held that under the plain language of Section 3 of the FAA, the district courts should issue a stay pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 474 (2024).

Numerous courts have also confirmed that the FAA requires a stay of all

16

proceedings pending arbitration. *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1305 (11th Cir. 2018) (noting that the FAA requires courts to stay a case that is covered by a binding arbitration clause); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F. 2d 698, 699 (11th Cir. 1992) (staying Title VII and state law claims pending arbitration). A stay is also required by the Florida Arbitration Code. *Chemstar Corp. v. Stark*, 634 So. 2d 794, 795 (Fla. 3d DCA 1994) ("Any proceedings involving an issue subject to arbitration under the Florida Arbitration Code must be stayed . . . .").

Accordingly, Plaintiff's claims against Wayfair are subject to mandatory binding arbitration and those claims should be stayed pending arbitration.

## G. Plaintiff's Hostile Work Environment and Race Discrimination Claims are Outside the Scope of Plaintiff's Charge of Discrimination

As discussed above, Plaintiff's Charge is limited to factual allegations concerning Ms. Stephens's purported harassing conduct toward Plaintiff and is absent of any facts to suggest Plaintiff experienced sexual harassment. Additionally, Plaintiff's Charge does not contain any facts to suggest Plaintiff was discriminated against because of her race. Plaintiff's Charge does not allege Plaintiff was subjected to any adverse action because of race, identify any racially discriminatory comments or conduct, or otherwise put Defendant on notice that race discrimination was at issue. Instead, Plaintiff's Charge merely describes generalized workplace complaints— namely, that Ms. Stephen yelled at Plaintiff and argued with management about Plaintiff's performance. These allegations, without any factual connection to race or race-based animus, would not reasonably prompt an investigation into race

17

discrimination and cannot be used to support a claim of race discrimination in this lawsuit. Accordingly, Plaintiff's hostile work environment and race discrimination claims do not reasonably extend from the allegations asserted in Plaintiff's Charge and are administratively barred.

## CONCLUSION

As demonstrated above, Plaintiff cannot avoid arbitrating her claims. There is no doubt that the Wayfair Employee Document Acknowledgment containing Plaintiff's electronic acknowledgment of the Arbitration Agreement is valid and enforceable as to Plaintiff's claims. Further, Plaintiff's allegations of sexual harassment do not trigger the EFAA because Plaintiff failed to state a plausible claim for sexual harassment. Thus, this Court should dismiss Counts I and II of Plaintiff's Complaint for failure to exhaust administrative remedies, compel all remaining claims to binding arbitration, and stay the lawsuit while the parties arbitrate.

WHEREFORE, Defendant, Wayfair, LLC, respectfully asks this Court to dismiss Counts I and II of Plaintiff's First Amended Complaint and Demand for Jury Trial, compel the remaining claims to binding arbitration, stay all proceedings pending resolution of the parties' arbitration, and grant any further and other relief this Court deems just and proper.

Date: June 29, 2026.                          Respectfully submitted,


                                              */s/ Brett P. Owens*
                                              Brett P. Owens, B.C.S.
                                              Florida Bar No.: 0112677
                                              bowens@fisherphillips.com
                                              Shannon E. Murphy, Esq.
                                              Florida Bar No.: 1048855
                                              semurphy@fisherphillips.com
                                              FISHER & PHILLIPS LLP
                                              401 East Jackson St, Ste 3100
                                              Tampa, FL 33602
                                              Telephone:   (813) 769-7500
                                              *Attorneys for Defendant*

19

## LOCAL RULE 3.01(g) CERTIFICATION

On June 12, 2026, Plaintiff indicated via email that Plaintiff was opposed to the relief requested in this Motion. On June 29, 2026, Defendant's counsel attempted to confer with Plaintiff via telephone regarding the relief sought in this Motion but was unable to reach Plaintiff. Counsel for Defendant will try diligently for three days from the filing of this Motion to contact Plaintiff. After either contact or the expiration of three days, undersigned will supplement this Motion with a statement certifying whether the parties have resolved all or part of this Motion.

/s/Brett P. Owens

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, a true and correct copy of the foregoing document was filed and served via the Court's ECF filing system to the following parties:

Ciara Williams
2940 Summer Isles Dr
Kissimmee, FL 34746
Email: Ciarawilliams1219@gmail.com

Plaintiff, *Pro Se*

/s/ Brett P. Owens
Brett P. Owens, B.C.S.